IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACK M. HOROVITZ, | ) | |
|     Plaintiff, | ) | |
| v. | ) | 2:06-cv-279 |
| | ) | |
| THE UNITED STATES | ) | |
| (INTERNAL REVENUE SERVICE), | ) | |
|     Defendant, | ) | |
| v. | ) | |
| | ) | |
| JACK T. CONSTANTINO, | ) | |
|     Third-Party Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are cross-motions for summary judgment which were filed by all three parties: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Document No. 27) filed by Jack M. Horovitz; UNITED STATES' MOTION FOR SUMMARY JUDGMENT (Document No. 28); and the MOTION FOR SUMMARY JUDGMENT (Document No. 31) filed by third-party defendant Jack T. Constantino. Also pending is a MOTION TO SELL REAL PROPERTY (Document No. 40) filed by Horovitz. The motions have been thoroughly briefed and are ripe for disposition.

Factual and Procedural History

The issue in this case is whether Horovitz and/or Constantino are liable as "responsible persons" for the failure of CDS Lines, Inc. ("CDS") to pay its federal employment tax obligations for the tax periods ending 9/30/98, 12/31/98 and 3/31/99 (the "periods at issue"). Horovitz and Constantino each try to escape liability by arguing strenuously that the other was the sole

"responsible person."

CDS was a trucking company based in Canonsburg, Pennsylvania. Constantino founded CDS in 1981, owned 80% of the company, and served as its Chief Executive Officer, President and Treasurer at an annual salary of $232,000. Horovitz owned 20% of CDS, and served as its Chief Financial Officer, Vice President and Secretary at an annual salary of $180,000. Constantino had hiring and firing authority for all of CDS. Horovitz managed the accounting department and could hire and fire employees in the accounting department. Both Constantino and Horovitz had signature authority for the corporate bank accounts at Mellon Bank and West Banco Bank. Horovitz signed the Form 941 payroll tax returns for the periods at issue.

Horovitz advised Constantino on at least one occasion in December 1998, that CDS was failing to pay its federal employment tax obligations. Both Horovitz and Constantino were aware that CDS was struggling financially and had previously failed to pay federal tax obligations from 1995-1997. Constantino did not do anything to check up to make sure that the taxes were paid. Constantino caught wind of the issue again in February 1999 when an agent came to the office. Horovitz signed approximately 400 checks totalling approximately $1.8 million to creditors other than the IRS after learning that CDS was not paying its federal employment taxes.

On March 19, 2002, the IRS assessed a trust fund recovery penalty against both Horovitz and Constantino in the amount of $774,745.66 for the periods at issue. Payments totalling $12,890.10 were credited toward the assessment. Statutory additions for interest and penalties have accrued. The United States' Counterclaim against Horovitz asserts that as of April 3, 2006, Horovitz owed $941,328.34. The United States' Third-Party Complaint against Constantino

asserts that $842,018.43, plus statutory interest and penalties, remains due and owing.[1]  In this litigation, Horovitz and Constantino seek a judgment that they bear no liability for this assessment and Horovitz seeks a refund of amounts paid.  The United States seeks the entry of a judgment against Horovitz and Constantino, jointly and severally, for the full tax liability.

Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure reads, in pertinent part, as follows:

[Summary Judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In interpreting Rule 56(c), the United States Supreme Court has stated:

The plain language . . . mandates entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).

An issue of material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The court must view the facts in a light most favorable to the non-moving party, and the burden of establishing that no genuine issue of material fact exists rests with the movant.

---

[1]The date used by the United States to determine this amount is unclear.  The Third-Party Complaint was filed on May 10, 2006.  The proposed judgment submitted by the United States seeks entry of judgment against Constantino in the amount of $792,868.25 plus interest accruing from January 31, 2005.

3

*Celotex*, 477 U.S. at 323. The "existence of disputed issues of material fact should be ascertained by resolving all inferences, doubts and issues of credibility against the moving party." *Ely v. Hall's Motor Transit Co.*, 590 F.2d 62, 66 (3d Cir. 1978) (*quoting Smith v. Pittsburgh Gage & Supply Co.*, 464 F.2d 870, 874 (3d Cir. 1972)). Final credibility determinations on material issues cannot be made in the context of a motion for summary judgment, nor can the district court weigh the evidence. *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632 (3d Cir. 1993); *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.*, 998 F.2d 1224 (3d Cir. 1993).

When the non-moving party will bear the burden of proof at trial, the moving party's burden can be "discharged by 'showing' -- that is, pointing out to the District Court -- that there is an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325. If the moving party has carried this burden, the burden shifts to the non-moving party, who cannot rest on the allegations of the pleadings and must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Petruzzi's IGA Supermarkets*, 998 F.2d at 1230. When the non-moving party's evidence in opposition to a properly supported motion for summary judgment is "merely colorable" or "not significantly probative," the court may grant summary judgment. *Anderson*, 477 U.S. at 249-250.

Legal Analysis

Employers must withhold federal social security and income taxes from the wages of their employees. 26 U.S.C.A. §§ 3102, 3401. The taxes withheld constitute a special fund held

4

"in trust" for the benefit of the United States. 26 U.S.C. § 7501(a). The Internal Revenue Code, 26 U.S.C. § 6672, creates a powerful mechanism for the IRS to ensure proper withholding of employment taxes by imposing personal liability on "responsible persons":

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over....

As an initial matter, in cases challenging an assessment under 26 U.S.C. § 6672, there is a presumption that the IRS assessment is correct and the burden of proof and production rests with the taxpayer. *Psaty v. United States*, 442 F.2d 1154, 1159-60 (3d Cir. 1971). Moreover, and of particular relevance to this case:

> the definition of 'responsible person' is not limited to the person with the final say on which bills get paid, but includes others as well. *See Quattrone*, 895 F.2d at 927; *see also United States v. Vespe*, 868 F.2d 1328, 1332 (3rd Cir.1989) ("More than one individual may be a responsible [p]erson for a given employer.")

*Greenberg v. United States*, 46 F.3d 239, 245 (3d Cir. 1994) (Nygaard, J., dissenting).

There are two conditions before liability can be imposed under section 6672: (1) the individual must be a "responsible person," and (2) his or her failure to pay the tax must be "willful." *See generally Greenberg* at 242-43. There is binding precedent on each point:[2]

> Responsibility is a matter of status, duty, or authority, not knowledge. While a responsible person must have significant control over the corporation's finances, exclusive control is not necessary.In determining whether an individual is a person responsible for paying over withholding taxes, courts consider the following factors: (1) contents of the corporate bylaws, (2) ability to sign checks on the company's bank account, (3) signature on the employer's federal quarterly

---

[2] Accordingly, the citation by Horovitz and Constantino to cases from other circuits is unavailing.

> and other tax returns, (4) payment of other creditors in lieu of the United States, (5) identity of officers, directors, and principal stockholders in the firm, (6) identity of individuals in charge of hiring and discharging employees, and (7) identity of individuals in charge of the firm's financial affairs. It is not necessary that an individual have the final word on which creditors should be paid in order to be subject to liability under section 6672; a person may be treated as "responsible" for purposes of the statute if he has significant control over the disbursement of corporate funds.

*Id.* at 242-43 (citations omitted). Instructions from a superior to not pay the taxes do not take an otherwise "responsible person" out of that category. *Id.* at 244.

> Under section 6672(a), willfulness is a voluntary, conscious and intentional decision to prefer other creditors over the Government. A responsible person acts willfully when he pays other creditors in preference to the IRS knowing that taxes are due, or with reckless disregard for whether taxes have been paid. In order for the failure to turn over withholding taxes to be willful, a responsible person need only know that the taxes are due or act in reckless disregard of this fact when he fails to remit to IRS. Reckless disregard includes failure to investigate or correct mismanagement after being notified that withholding taxes have not been paid. The taxpayer need not act with an evil motive or bad purpose for his action or inaction to be willful. Any payment to other creditors, including the payment of net wages to the corporation's employees, with knowledge that the employment taxes are due and owing to the Government, constitutes a willful failure to pay taxes.

*Id.* at 244 (citations omitted). Thus, the standard that must be met to demonstrate liability under section 6672 is not onerous. In *Greenberg*, a corporate controller was determined at the summary judgment stage to be a "responsible person" even though Greenberg received assurances from his superior that the tax would be paid, believed that he would be fired immediately if he paid the withholding tax, and resigned his position when he realized that the tax liability would not be paid.

Even construing the record in this case in the light most favorable to the non-moving party, a reasonable factfinder must conclude that Horovitz was a "responsible person." Horovitz

6

exercised "significant" control over the disbursement of CDS funds, as evidenced by his ability to hire and fire employees, full authority to sign checks, signature on the Form 941 tax returns, and status as a corporate officer and 20% owner. The assertion by Horovitz that Constantino regarded him as incompetent and stripped him of all authority except for the ministerial function of writing checks is not borne out by the record. Constantino did testify that Dave Basl relieved Horovitz of certain responsibilities, but then immediately clarified that Horovitz had not been "phased out." Constantino Deposition at 198. Basl testified that Horovitz remained the company's chief financial officer and controlled the money, paid the bills and made the decisions with respect to paying vendors during the periods in question. It is undisputed that Horovitz continued to receive his $180,000 annual salary. Assuming arguendo that Constantino instructed Horovitz to "keep the trucks running" rather than pay the employment taxes, even the threat of immediate termination "does not excuse a responsible person from the obligation to pay IRS." *Greenberg*, 46 F.3d at 243 n.2 (rejecting similar argument that controller's check-writing function was merely ministerial). It is not necessary that an individual have the final word as to which creditors will be paid. *Id.* at 243. That Horovitz acted "willfully," as defined in the case law, is also beyond reasonable dispute. He made numerous voluntary and intentional payments to creditors, including the payment of wages to himself and Constantino after having knowledge that the employment taxes were unpaid. In sum, Horovitz is a "responsible person" and as such, is subject to liability under Section 6672.

Constantino is also liable as a "responsible person." There is no material dispute of fact that Constantino exercised significant control over all operations of CDS. He invested several million dollars to start the company, owned 80% of CDS, had unlimited hiring/firing and check-

writing authority, and served as chief executive officer with active day-to-day involvement in the business. Constantino exercised the authority to assign Horovitz duties and certainly could have personally written the appropriate checks to the IRS to ensure that the employment taxes were paid. In sum, he was a "responsible person." Constantino's conduct was also "willful." Constantino concedes that Horovitz informed him of the unpaid employment taxes in December 1998. Moreover, Constantino was aware of the tax liability problem from 1995-1997. At a minimum, Constantino displayed reckless indifference by failing to investigate or correct mismanagement after being notified that the taxes had not been paid. *Id.* at 244. Constantino was aware of payments to other creditors (including his own substantial salary) during the relevant periods. It is no excuse to argue, as Constantino does, that Horovitz was responsible for all financial matters at CDS. A "responsible person" cannot avoid liability by delegating responsibility for payment to a subordinate. *See* the numerous cases cited in the United States' Brief in Support of Summary Judgment (Document No. 30) at 19-20. In sum, Constantino is a "responsible person" and as such, is subject to liability under Section 6672. Accordingly, the United States' motion for summary judgment will be granted and the motions filed by Horovitz and Constantino will be denied. The United States shall submit a proposed final judgment order on or before February 18, 2008. Horovitz and Constantino shall file any responses thereto on or before February 25, 2008.

In response to the summary judgment briefs, Horovitz filed a MOTION TO SELL REAL PROPERTY located at 2170 Washington Road, Canonsburg, Pennsylvania. Apparently, the motion is designed to demonstrate that Horovitz lacked the requisite control to be considered a

"responsible party." Constantino responded to the motion, correctly noting the lack of legal authority for such a sale and pointing out that the real property is owned by Route 19 Canonsburg Associates, which is not a party to this action. For the reasons set forth above, Horovitz and Constantino are both "responsible persons" pursuant to Section 6672 due to the significant control each of them exercised over the ability of CDS to pay the outstanding employment taxes. Whether or not Horovitz and/or Constantino had the authority to sell the real property is irrelevant to that analysis. Accordingly, the MOTION TO SELL REAL PROPERTY (Document No. 40) filed by Horovitz is **DENIED**.

An appropriate order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK M. HOROVITZ, ) | |
| Plaintiff, ) | |
| v. ) | 2:06-cv-279 |
| ) | |
| THE UNITED STATES ) | |
| (INTERNAL REVENUE SERVICE), ) | |
| Defendant, ) | |
| v. ) | |
| ) | |
| JACK T. CONSTANTINO, ) | |
| Third-Party Defendant. ) | |

## ORDER

AND NOW, this 11th day of February, 2008, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Document No. 27) filed by Jack M. Horovitz is **DENIED**; the UNITED STATES' MOTION FOR SUMMARY JUDGMENT (Document No. 28) is **GRANTED**; and the MOTION FOR SUMMARY JUDGMENT (Document No. 31) filed by third-party defendant Jack T. Constantino is **DENIED**. The United States shall submit a proposed final judgment order on or before February 18, 2008. Horovitz and Constantino shall file any responses thereto on or before February 25, 2008.

The MOTION TO SELL REAL PROPERTY (Document No. 40) filed by Horovitz is **DENIED**.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Frederich E. Liechti, Esquire
Email: FredLiechti@att.net

Thomas J. Jaworski, Esquire
Email: Thomas.J.Jaworski2@usdoj.gov

**ThirdParty Defendant**
**JACK T. CONSTANTINO**
Jeffrey P. Brahan, Esquire
Email: jbrahan@blumlinggusky.com